UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL MARRIED a/k/a
EMMANUEL WYLIE,

        Plaintiff,

v.

        Case No. 15-mc-50552
        Honorable Gershwin A. Drain

PEOPLE OF THE STATE OF MICHIGAN,
DAVID PIERSON, and
BAQIYA WYLIE,

        Defendants.
_____/

## ORDER DISMISSING COMPLAINT

Emmanuel Married, a/k/a Emmanuel Wylie ("Plaintiff"),[1] filed the instant Complaint against the People of the State of Michigan, David Pierson, and Baqiya Wylie ("Defendants") on April 17, 2015. *See* Dkt. No. 1. In the Complaint, Plaintiff claims to have "obtained personal jurisdiction over ["The People of the State of Michigan & it's employee's"] due to the National Labor Board Relations Act and Uniform Arbitration Act[.]" *Id.* at ¶ 1. Additionally, Plaintiff asserts that "Baqiya Wylie and David Pierson became defendants only to receive withdrawal of court credit deposit from court ordered subpoena providing reasonable expenses for any secured interest against plaintiff's privilege to redeem and travel in 2004 Chevrolet VIN 1G1ZS52F64F151257." *Id.* at ¶ 3. Apparently, Plaintiff alleges that he "has mortgagor's equity of redemption for 2004 Chevrolet VIN 1G1ZS52F64F151257 and pay to the order of Baqiya Wylie $4,000.00USD for the purchase and redemption of vehicle." *Id.* at ¶ 2.

---

[1] The Court notes that this is a *pro se* complaint filed and signed by "Emmanuel Wylie," yet the Plaintiff appears to go by the name "Emmanuel Married."

-1-

Generally, courts may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir. 1983). However, a court may dismiss a complaint even when a filing fee has been paid "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6thCir. 1999); *see also Neitzke v. Williams*, 490 U.S. 319, 327 n.6, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

-3-

Here, Plaintiff fails to explain how he has "obtained personal jurisdiction" over "The People of the State of Michigan & it's employee's" pursuant the National Labor Relations Act of 1935 (NLRA), 29 U.S.C. § 151 *et seq.*—a statute that deals with the rights of employees and is the only federal statute mentioned by Plaintiff. Moreover, Plaintiff does not state a cause of action involving diverse parties that exceeds $75,000. Instead, Plaintiff advances assertions in his Complaint that are confusing and difficult to understand, and attaches various unrelated exhibits regarding conveyances of mineral rights; miscellaneous trustee and warranty deeds; and a UCC Financing Statement.

In sum, Plaintiff's Complaint lacks merit. This Court has neither federal question nor diversity jurisdiction because Plaintiff neither raises a federal cause of action nor asserts a state cause of action involving diverse parties that exceeds $75,000. Because this court lacks subject matter jurisdiction, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**.

SO ORDERED.

Dated: April 29, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge